Hon. Yvonne Scruggs-Leftwich Commissioner Division of Housing and Community Renewal
Your Deputy Counsel has requested my opinion on the applicability of Public Officers Law, § 73(7) to a former Assistant Commissioner of the Division of Housing and Community Renewal who now seeks to act as a consultant to Neighborhood Preservation Corporations and Supplemental Budget Groups that received funding under the same Assistant Commissioner's supervision and approval as a State officer.
During his tenure at the Division of Housing, Robert H. Moore, in his capacity as Assistant Commissioner for Community Service, supervised several programs including the Neighborhood Preservation Program and Supplemental Budget Groups. These programs assist community based not-for-profit organizations with financing to enable them to engage in long-range neighborhood preservation activities. It was Mr. Moore's responsibility to supervise project approval, contract compliance and the release of funds from the Division of the Budget to these groups. Mr. Moore resigned his position on April 28, 1983, and the question has now arisen whether he can act as a paid consultant to Neighborhood Preservation Corporations or Supplemental Budget Groups that received funding while Mr. Moore was Assistant Commissioner.
Public Officers Law, § 73(7) provides, in relevant part, as follows:
 "No person who has served as an officer or employee of a state agency shall within a period of two years after the termination of such service or employment appear before such state agency or receive compensation for any services rendered on behalf of any person, firm, corporation or association in relation to any case, proceeding or application with respect to which such person was directly concerned and in which he personally participated during the period of his service or employment * * *"
Mr. Moore, having resigned April 28, 1983, is subject to the provisions of section 73(7), and would continue to be so until April 28, 1985.
Section 73(7) addresses the ethics problems that arise when a State employee leaves State service to work in the private sector. It seeks to prevent the situation where State employees who know they are leaving State employ may, consciously or otherwise, give favorable treatment to groups or individuals that are potential future employers. It seeks to eliminate the need for any public doubt as to whether actions by the officer prior to separation from State service were in the public interest. The statute also seeks to deal with the situation where a former State employee, soon after separation, deals with his former colleagues in their official capacities, and may receive special treatment or may create the impression in others that he enjoys the favor of his former colleagues. These reasons underly the Legislature's decision to prohibit State employees, for a period of two years after the termination of their State service, from appearing in regard to or being retained in regard to any matters they worked on in their official capacities (Public Officers Law, § 73[7]). Although a particular individual may not actually engage in wrongdoing, it is the potential for abuse that the statute addresses.
As Assistant Commissioner of the Division, Mr. Moore supervised the approval of funding for Neighborhood Preservation Corporations and Supplemental Budget Groups and monitored their compliance with the terms of their grants. If Mr. Moore were to act as a paid consultant to these groups with regard to the same grants, he would be involved with the same matters he supervised while Assistant Commissioner. Although Mr. Moore's consulting opportunities may be limited by this opinion, such a restriction has been determined by the Legislature to be necessary under section 73(7) of the Public Officers Law in order to preserve the integrity of public officials.
Accordingly, we conclude that during the two years following his resignation, a former Assistant Commissioner of Housing and Community Renewal may not act as a consultant to Neighborhood Preservation Corporations or Supplemental Budget Groups that received funding under that individual's supervision and approval as a State officer.